J-S66028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SUSAN MICHELLE PICKENS, | : | |
| | : | |
| Appellant | : | No. 738 MDA 2014 |

Appeal from the Judgment of Sentence Entered March 25, 2014,
In the Court of Common Pleas of Lackawanna County,
Criminal Division, at No. CP-35-CR-0000717-2011.

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 25, 2014**

Susan Michelle Pickens ("Appellant") appeals from the judgment of sentence of three to twelve months of incarceration imposed following the revocation of her intermediate punishment sentence. In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the factual and procedural history of this case as follows:

> On August 25, 2011, [Appellant] pled guilty to one count of driving under the influence of alcohol, second offense.  At the guilty plea proceeding, [Appellant] admitted to operating a

vehicle when her blood alcohol content was .207%. She was sentenced that same date to a 5 year intermediate punishment sentence.

On January 10, 2014, a capias for her arrest was issued due to violation of the conditions of her intermediate punishment. On March 25, 2014, a Gagnon II hearing was held and [Appellant] stipulated to the violations of her probation, and in particular, admitted using and testing positive for cocaine. Transcript of March 25, 2014 Gagnon II Hearing at 4. [The trial] court revoked [Appellant's] intermediate punishment and sentenced her to 3 to 12 months of incarceration. Id. at 6. The court ordered that the 3 month to one year sentence would be followed by 4 years of probation, and that the conditions would include: not to consume any drugs or alcohol, to refrain from frequenting liquor serving establishments, to attend 90 AA meetings in 90 days followed by 3 AA meetings per week, to complete a drug and alcohol evaluation and follow all recommendations, and to be on the color system for 90 days upon parole. Id.

On April 11, 2014 [Appellant] filed a motion for reconsideration which was denied on April 15, 2014. On April 23, 2014, [Appellant] filed a Notice of Appeal, and on May 1, 2014, [the trial] court ordered [Appellant] to file a concise statement of the matters complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On May 16, 2014, [Appellant] filed a Statement of Matters Complained of on Appeal.

Trial Court Opinion, 6/20/14, 1–2.

Preliminarily, we must resolve appellate counsel's request to withdraw.

***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. These procedural mandates require counsel to:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious examination of the record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is included with the **Anders** brief. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel to represent her. Petition, 7/31/14.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Upon review, we conclude that counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case, cites to the record, and refers to issues that counsel arguably believes support the appeal. *Anders* Brief at 4-6. Further, the brief sets forth counsel's conclusion that the appeal is frivolous, and it contains pertinent case authority and counsel's reasons for concluding that the appeal is frivolous. *Id*. at 7-12.

We are satisfied that counsel has met the requirements set forth in *Cartrette*; therefore, we now address the issues raised in the *Anders* brief, which are set forth below:

    A. Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion?

    B. Whether the lower court failed to take into consideration Appellant's rehabilitation needs when it imposed its sentence?

*Anders* Brief at 4.

These issues challenge the sentence imposed as an abuse of the trial court's discretion. An appellant may raise a challenge to the discretionary aspects of a sentence imposed following the revocation of intermediate punishment, and this Court's scope of review includes such challenges. *Cartrette*, 83 A.3d at 1034. However, it is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather,

an appellant's appeal should be considered to be a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708(E)[1]]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the

---

[1] Pa.R.Crim.P. 708(E) reads as follows: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."

reasons the sentencing court's actions violated the sentencing code. ***Id***. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

Herein, the first three requirements of the four-part test are met; Appellant brought an appropriate appeal, raised the challenge in her post-sentence motion, and included in the appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In the Pa.R.A.P. 2119(f) statement before us, counsel cites cases involving claims that a sentence was excessive or that the sentencing court failed to place reasons for the sentence on the record. ***Anders*** Brief at 8–9. However, the Rule 2119(f) statement fails to cite what particular provision of the Sentencing Code or what specific fundamental norm Appellant's sentence allegedly violates. Moreover, counsel "recognizes that the sentence imposed was within the Sentencing Guidelines for a DUI-BAC .16+; that [Appellant's] violation involved the use of cocaine. Thus, the instant appeal does not fall

within the standards required for a review by the Court regarding the discretionary aspect of her sentence." *Id.* at 9. Nevertheless, we address Appellant's claims. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that *Anders* requires review of issues otherwise waived on appeal)); *see also Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'"); *Commonwealth v. Downing*, 990 A.2d 788 (Pa. Super. 2010) (holding that failure to consider rehabilitative needs and protection of society in fashioning sentence raises substantial question).

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." *Commonwealth v. Stokes*, 38 A.3d 846, 858 (Pa. Super. 2011). In resentencing a defendant, the sentencing court has the authority to consider the same sentencing alternatives that it had at the time of the original sentencing proceeding. 42 Pa.C.S. § 9771(b); *see Cartrette*, 83 A.3d 1030 (citing 42 Pa.C.S. § 9771(b)); *Commonwealth v. Phillip*, 709 A.2d 920 (Pa. Super. 1998) (same). Once intermediate punishment is revoked, a

sentence of total confinement may be imposed if the conduct of the defendant indicates the likelihood that she will commit another crime if she is not imprisoned. 42 Pa.C.S. § 9771(c)(2). A technical violation can support a sentence of total confinement when such violation is flagrant and indicates an inability to reform. *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007); *Commonwealth v. Ortega*, 995 A.2d 879 (Pa. Super. 2010). "[T]his Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013) (quoting *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009)).[2] However, the sentencing guidelines do not apply to sentences

_____

[2] Section 9781(c) reads:

**(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

imposed following revocation of intermediate punishment. ***Phillip***, 709 A.2d at 921 (citing 204 Pa.Code § 303.1(b)).

The sentencing court disposed of the proffered challenges as follows:

> [Appellant] asserts that the sentence was harsh and excessive and an abuse of discretion for a technical violation of probation [sic]. . .   This court determined that an intermediate punishment sentence was no longer appropriate for [Appellant] since she had admitted to using cocaine while serving her intermediate punishment in this case.  This court decided that intermediate punishment was not effective in rehabilitating her. The court thus imposed an appropriate and lawful sentence of incarceration.

> [Appellant] also asserts that the court failed to consider her rehabilitation needs in sentencing her. However, an allegation that the sentencing court "failed to consider" or "did not adequately" consider various factors is really a request that the Superior Court substitute its judgment for that of the lower court. Commonwealth v. Griffin, 804 A.2d 1 (Pa. Super. 2002). When a defendant does not argue that the sentencing court received incorrect information, but simply alleges that the lower court inappropriately applied the information, this is effectively a request for the Superior Court to substitute its judgment for that of the lower court. Id. *at 9.*  This court considered everything in [Appellant's] presentence investigation file, as well as the information provided by her attorney, including the factors that

---

42 Pa.C.S. § 9781(c).  Pursuant to 42 Pa.C.S. § 9781(d)(1–4), in reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

the defendant claims the court did not consider. The court specifically ordered that [Appellant] undergo a drug and alcohol evaluation and follow all recommendations, refrain from consuming drugs or alcohol, and attend AA meetings upon her release. Because [Appellant] has not shown that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code or contrary to the fundamental norms underlying the sentencing process, the sentence is not inappropriate or excessive and the court has not abused its discretion.

Trial Court Opinion, 6/20/14, at 3–4.

Upon review, we conclude that neither of Appellant's sentencing challenges warrants relief. As the Commonwealth points out:

[Appellant] stipulated to violating one of the conditions [of her intermediate punishment] by using cocaine. . . [T]he sentencing guidelines do not apply to sentences imposed as a result of revocation of intermediate punishment . . . [T]he court was authorized to impose a sentence of incarceration on Appellant because intermediate punishment was no longer a viable means of rehabilitation. The sentence did not excess the statutory maximum for [Appellant's] DUI offense.

Commonwealth's Brief at 1. Additionally, the record belies Appellant's assertion that the sentencing court did not consider her rehabilitative needs. Having heard Appellant stipulate to her drug use, the sentencing court required Appellant to undergo a drug and alcohol evaluation, follow all recommendations, refrain from consuming drugs or alcohol, and attend AA meetings. N.T., 3/25/14, at 6; Trial Court Opinion, 6/20/14, at 4. Based on the foregoing, we discern no abuse of the sentencing court's discretion in imposing the challenged sentence.

Additionally, following our independent review of the record, we conclude that Appellant's appeal is wholly frivolous, and we affirm the judgment of sentence. Moreover, as we agree with counsel's assessment of the appeal, and because we conclude that counsel has satisfied the requirements for withdrawal, we grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014